# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:16cv331

| | |
|---|---|
| STEPHANIE LOUISE MATTHEWS, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| NANCY A. BERRYHILL, ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

This matter is before the Court on the parties' cross motions for summary judgment (# 12, 14). Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying her claim for disability benefits. The issues have been fully briefed, and the matter is now ripe for ruling. Following a review of the record, the parties' briefs, and the relevant legal authority, the Court grants Plaintiff's motion for summary judgment and denies the Commissioner's motion for summary judgment.

**I.     Procedural History**

On October 3, 2012, plaintiff protectively-filed applications for a period of disability, disability insurance benefits, and supplemental security income. (Transcript of Administrative Record ("T.") .) Plaintiff alleged a disability onset date of May 1, 2009. (T. 16.) The Social Security Administration denied Plaintiff's claims initially on January 4, 2013. (T. 16.) The claims were denied upon reconsideration on April 1, 2013. (T. 16.) On May 17, 2013, Plaintiff filed a written request for a hearing. (T. 16.)

On March 11, 2015, a disability hearing was held before an Administrative Law Judge

("ALJ"). (T. 16.) The ALJ issued a decision finding that Plaintiff was not disabled from May 1, 2009, through the date of his decision, April 23, 2015. (T. 16-26.) Plaintiff requested review of the ALJ's decision. (T. 11.) The Appeals Council denied Plaintiff's request for review. (T. 13-15.) On October 6, 2016, Plaintiff filed the instant action seeking review of the Commissioner's decision. (# 1)

## II.    Standard for Determining Disability

An individual is disabled for purposes of receiving disability payments if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); accord Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam). Under the five-step sequential evaluation, the Commissioner must consider each of the following, in sequence: (1) whether the claimant has engaged in substantial gainful employment; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is sufficiently severe to meet or exceed the severity of one or more of the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform his or her past relevant work; and (5) whether the claimant is able to perform any other work considering his age, education, and residual functional capacity. 20 C.F.R. §§ 404.1520, 416.920; Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 653 n.1.

At the first two steps of the sequential evaluation, the burden is on the claimant to make the requisite showing. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If a claimant fails to satisfy his or her burden at either of these first two steps, the ALJ will determine that the claimant

is not disabled and the process comes to an end. Mascio v. Colvin, 780 F.3d 632, 634-35 (4th Cir. 2015). The burden remains on the claimant at step three to demonstrate that the claimant's impairments satisfy a listed impairment and, thereby, establish disability. Monroe, 826 F.3d at 179.

If the claimant fails to satisfy his or her burden at step three, however, then the ALJ must still determine the claimant's residual functional capacity ("RFC"). Mascio, 780 F.3d at 635. After determining the claimant's RFC, the ALJ proceeds to step four in order to determine whether claimant can perform his or her past relevant work. Id. The burden is on the claimant to demonstrate that he or she is unable to perform past work. Monroe, 826 F.3d at 180. If the ALJ determines that a claimant is not cable of performing past work, then the ALJ proceeds to step five. Mascio, 780 F.3d at 635.

At step five, the ALJ must determine whether the claimant can perform other work. Id. The burden rests with the Commissioner at step five to prove by a preponderance of the evidence that the claimant is capable of performing other work that exists in significant numbers in the national economy, taking into account the claimant's RFC, age, education, and work experience. Id.; Monroe, 826 F.3d at 180. Typically, the Commissioner satisfies her burden at step five through the use of the testimony of a vocational expert ("VE"), who offers testimony in response to a hypothetical question from the ALJ that incorporates the claimant's limitations. Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180. If the Commissioner satisfies her burden at step five, then the ALJ will find that a claimant is not disabled and deny the application for disability benefits. Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180.

### III.  ALJ's Decision

In his April 23, 2015, decision the ALJ found that Plaintiff was not disabled under Sections

216(i), 233(d), and 1614(a)(3)(4) of the Social Security Act. (T. 26.) The ALJ made the following specific findings:

(1) The claimant met the insured status requirements of the Social Security Act through March 31, 2013.

(2) The claimant has not engaged in substantial gainful activity since May 1, 2009, the alleged onset date (20 C.F.R. § 404.1571 *et seq.*, and § 416.917*et seq.*).

(3) The claimant has the following severe impairments: obesity, degenerative disc disease, and osteoarthritis with left knee dysfunction (20 C.F.R. §§ 404.1520(c), 416.920(c)).

(4) The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).

(5) The claimant has the residual functional capacity to perform light work as defined by 20 C.F.R. §§ 404.1567(b), 416.967(b), except she cannot climb ladders, she can occasionally climb stairs, balance, stoop, crouch, kneel, or crawl, and no concentrated exposure to hazards such as dangerous equipment or unprotected heights, and a sit/stand option to allow her to change positions on a one hour interval basis.

(6) The claimant is unable to perform any past relevant work (20 C.F.R. §§ 404.1565, 416.965).

(7) The claimant was born on May 7, 1966 and was 42 years old, which is defined as a younger age 14-49, on the alleged disability onset date (20 C.F.R. §§ 404.1563, 416.963).

(8) The claimant has at least a high school education and is able to communicate in English (20 C.F.R. §§ 404.1564, 416.964).

(9) Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2).

(10) Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. §§ 404.1569,

404.1569(a), 416.969, 416.969(a)).

(11) The claimant has not been under a disability, as defined in the Social Security Act, from May 1, 2009, through April 23, 2015 (20 C.F.R. §§ 404.1520(g), 416.920(g)).

(T. 18-26.)

## IV. Standard of Review

Title 42, United States Code, Section 405(g) provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review is limited in that the district court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); accord Monroe, 826 F.3d at 186. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Craig, 76 F.3d at 589 (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id.

When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that he is not disabled is supported by substantial evidence in the record, and whether the ALJ reached his decision based on the correct application of the law. Id.

## V. Analysis[1]

---

[1] Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

In her first assignment of error, Plaintiff argues that the Law Judge's RFC determination is not supported by substantial evidence. Pl.'s Mem. Supp. (#13) at 8-10. In particular, Plaintiff contends that the ALJ's failure to assess her ability to ambulate was "harmful error." Id. at 9. Plaintiff refers to her testimony that she can walk for only 15 minutes and requires a cane to prevent falls when walking outside her home. Id. Plaintiff also refers to imaging evidence, which establishes she suffers with severe degenerative arthritis in all three compartments of her left knee. Id. Plaintiff concludes that remand is necessary to address her RFC and the walking requirements. Id. at 10.

The Commissioner admits that the ALJ failed to include Plaintiff's use of a cane in his hypothetical questions to the VE. Def.'s Mem. Supp. (#15) at 5. The Commissioner contends, however, that this error does not warrant remand. Id. The Commissioner argues that at least two other courts (outside this District) have affirmed the Commissioner's decisions when those decisions were based on VE testimony that an individual who uses a cane can perform the occupation of cashier. Id. at 6.

In order for a VE's responses to constitute substantial evidence, the hypothetical questions posed to the VE must include all of a claimant's impairments that are supported by the record. Johnson, 434 F.3d at 659; see Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989) (holding that in order to be helpful, a VE's opinion must be formed "in response to proper hypothetical questions which fairly set out all of [a] claimant's impairments"). The ALJ's hypothetical question may omit non-severe impairments, but the hypothetical question must include those impairments determined to be severe. Benenate v. Schweiker, 719 F.2d 291, 292 (8th Cir. 1983).

In this case, the Commissioner does not dispute that the evidence before the ALJ revealed that, on October 17, 2014, Plaintiff reported to Amy B. Patel, PA-C that she was having "some

6

difficulty ambulating." (T. 469.) At that time, Plaintiff "asked about a cane for ambulation assistance." (T. 469.) Patel ordered Plaintiff a single-point cane to assist with ambulation. (T. 470.)

As noted, the hypothetical to the VE did not include Plaintiff's use of a case. The Court finds that the ALJ's failure was not harmless error. As Plaintiff correctly points out, "The issue [at Step Five] is whether Plaintiff's residual functional capacity as a whole, including the use of a cane, in combination with her other impairments and limitations, would permit work on a regular and continuing basis." Pl.'s Mem. Supp. (#16) at 1-2. Therefore, remand is warranted.[2] See Walls v. Barnhart, 296 F.3d 287, 291 (4th Cir. 2002) (holding that in the Fourth Circuit, remand is required when an ALJ has relied on improper VE testimony).

## VI. Conclusion

In light of the foregoing, Plaintiff's motion for summary judgment (# 12) is GRANTED, and this case is REMANDED for further proceedings. The Commissioner's motion for summary judgment (# 14) is DENIED.

Signed: December 8, 2017

Dennis L. Howell
United States Magistrate Judge

---

[2] Plaintiff raises three assignments of error. See Pl.'s Mem. Supp. (#13). Because Plaintiff has established that she is entitled to remand on the first, the Court need not address the remaining assignments of error.

7